UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2713 GAF (SHx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | Navigators Ins. Co. v. B2B Transp. Services, Inc. | | |

| Present: The Honorable | GARY ALLEN FEESS | | |
|---|---|---|---|
| Michele Murray | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **(In Chambers)**

### ORDER TO SHOW CAUSE

Plaintiff Navigators Ins. Co. filed suit against Defendant B2B Transp. Services, Inc. seeking declaratory relief that Navigators does not owe a duty to defend B2B in a California Superior Court action entitled <u>Clarendon National Insurance Co. v. B2B Trans. Servs., Inc., et al.</u>. Plaintiff alleges diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff's Complaint, however, fails to establish Plaintiff's citizenship. For purposes of diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions . . . between – (1) *citizens* of different States; (2) citizens of a State and *citizens* or *subjects* of a foreign state . . . ." 28 U.S.C. § 1332(a) (emphasis added).

Navigators fails to allege citizenship. The Complaint merely asserts that Plaintiff is a "London Insurance company." (Compl. ¶ 1.) This assertion does not allow the Court to determine whether the parties are diverse. Navigators must allege that it is either a citizen or a subject of a particular state, foreign or otherwise. <u>Daniels v. Superior Court of California, County of Kern</u>, 2008 WL 638509, at *4 (E.D. Cal. Mar. 5, 2008) ("The diversity statute [28 U.S.C. § 1332(a)] requires that all parties to the action be either citizens of different States, or citizens or subjects of a foreign State."); <u>see also</u> <u>Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.</u>, 20 F.3d 987, 990 (9th Cir. 1994) ("We draw no distinction between corporations incorporated in a state of the United States and those incorporated in a foreign country when determining the corporation's citizenship for purposes of diversity jurisdiction. In each instance, the corporation is deemed a citizen of its place of incorporation and the location

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2713 GAF (SHx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | Navigators Ins. Co. v. B2B Transp. Services, Inc. | | |

of its principal place of business.") (citations omitted).[1] Morever, based on Navigators own website which states that it is "domiciled in New York," the Court is not convinced that Navigators is a "London Insurance Company" (Compl. ¶ 1). See http://www.navg.com/navigators/aboutusbusiness.aspx. Navigators must allege both its place of incorporation and the location of its principal place of business.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **Monday, July 28, 2008** why this action should not be dismissed for lack of subject matter jurisdiction. Submission of an Amended Complaint that properly establishes diversity jurisdiction will satisfy this order. However, because Defendant has already answered the Complaint, the Court grants Navigators leave to amend only to correct the jurisdictional defect discussed above.

IT IS SO ORDERED.

---

[1] "The phrase 'citizens or subjects of a foreign state' in 28 U.S.C.A. § 1332(a)(2) refers to those persons who are citizens or subjects of a specific foreign state . . . The terms 'citizen' and 'subject' are analogous and are used interchangeably, the term 'citizen' being used to refer to the inhabitants of a country where sovereignty resides in the people and the term 'subject' being used to refer to the inhabitants of a country where sovereignty resides in one person, such as a king." American Jurisprudence: Federal Courts § 644, 2d ed. (May 2008); Federal Procedure, Lawyers Edition § 1:67 (April 2008).